UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
APR 1 6 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| EMILIO OSORIO-SARIO, ) | 4:25CR199-SEP/SPM |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

## MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Nichole Frankenberg, Assistant United States Attorney for said District, and moves the Court to order defendant detained pending trial, and further requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the United States Magistrate pursuant to Title 18, United States Code, Section 3141, *et seq.*

The Bail Reform Act requires that before conducting a requested detention hearing, the court is to determine that the case is eligible for said hearing under section 3142(f). Section 3142(f)(1) authorizes a detention hearing in a case involving (1) a crime of violence; (2) an offense carrying a penalty of life imprisonment or death; (3) a federal drug offense carrying a penalty of ten years or more; (4) a felony following convictions for two or more of the three foregoing offenses; or (5) any felony that is not otherwise a crime of violence that involves a minor victim, or that involves the possession or use of a firearm or destructive device or any other dangerous weapon or involves a failure to register as a sex

offender. 18 U.S.C. §3142(f)(1). In this case, Defendant is charged with illegal reentry under Title 8, United States Code, Section 1326(a), which are not one of the crimes enumerated under § 3142(f)(1).

However, the court may hold a hearing on its own motion or the government's motion in a case that involves a serious risk of flight or a serious risk that the person will obstruct or attempt to obstruct justice; threaten, injure or intimidate or attempt to threaten, injure or intimidate a prospective witness or juror. 18 U.S.C. §3142(f)(2).

On April 7, 2025, investigators with US Immigrations and Customs Enforcement (ICE), including St. Louis Enforcement and Removal Operations ("ERO"), arrested Emilio Osorio-Sario, a Mexican national. On April 7, 2025, the defendant was arrested by the Chesterfield Police Department in St. Louis County for Driving While Intoxicated and Driving Without a License. Upon learning that he had no legal status in the United States, an ICE detainer was placed on Osorio-Sario. He was subsequently transferred to ERO custody, where his identity was confirmed through fingerprint analysis.

Osorio-Sario was previously encountered by United States Border Patrol in Roma, Texas on May 29, 2018. This took place after Osorio-Sario had illegally entering the United States. A final order of deportation was entered on May 30, 2018, and he was subsequently removed from the United States back to Mexico on or about May 31, 2018. There is no record of him re-entering the United States after having obtained the express consent of the Attorney General of the United States or the Secretary of Homeland Security to reapply for admission to the United States. Osorio-Sario, is currently in ERO custody at an ERO detention facility pending removal.

There is a serious risk that the defendant will flee should he be released. Defendant was removed from the United States in May of 2018. He has shown that he is determined to disregard the laws of the United States generally, and his order of removal in particular, by returning without proper permission/authorization. Such an unlawful reentry after being removed raises the likelihood and risk that Defendant will flee this district if given the opportunity and that he will not willingly submit himself to

prosecution. Defendant has established the fact that he does not want to remain in Mexico. The fact of the matter is that because Defendant is currently in U.S. Marshal custody, he will eventually be returned to Mexico.

The Government is unaware if Defendant has known ties to this District by way of family or employment. If granted a bond, there is nothing that will deter Defendant from fleeing the district and fleeing prosecution, while there are obvious reasons that would incentivize him to do so.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that this Court find that this case involves a serious risk that Defendant will flee, and that the United States is entitled to a detention hearing in this matter pursuant to Title 18, Unite States Code, Section 3142(f)(2)(A). Furthermore, the United States requests that this Court find that there are no conditions or combination of conditions that will reasonably assure defendant's appearance as required, and that Defendant be ordered detained prior to trial.

Respectfully submitted,

SAYLER A. FLEMING
UNITED STATES ATTORNEY

*/s/ Nichole Frankenberg*
NICHOLE FRANKENBERG, #61126MO
ASSISTANT UNITED STATES ATTORNEY
Thomas F. Eagleton Courthouse
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102
(314) 539-2200